UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

JAMES JONES,

    Plaintiff,

v.

UNITED AUTO WORKERS, LOCAL 551 and FORD MOTOR COMPANY,

    Defendants.

Judge Joan B. Gottschall

Case No. 12 C 10151

# ORDER

The motions to dismiss of Defendants United Auto Workers, Local 551 [30] and Ford Motor Company [33] are granted in part and denied in part. The motions are denied as to Counts I and II of the complaint. Plaintiff's claim for damages for emotional distress is dismissed. Defendants shall answer the complaint by 9/30/2013. The parties are to appear for status on 10/1/2013 at 9:30 AM.

# STATEMENT

Plaintiff James Jones has brought suit against Ford Motor Company ("Ford") and the United Auto Workers Local 551 ("Local 551"), alleging that he has been denied proper assignment of overtime hours. Jones is a union representative, and he alleges that his hours have not been appropriately assigned according to agreements between Ford and Local 551. This suit is a "hybrid" claim under § 301 of the Labor Management Relations Act, 29 U.S.C.S. § 185, alleging both breach of contract against Ford and breach of the duty of fair representation against Local 551.

Both defendants move to dismiss the complaint pursuant to Federal Rule of Civil Procedure 12(b)(6) for failure to exhaust internal company and intra-union remedies. The

defendants also move to dismiss Jones's request for damages for emotional distress; Jones has no objection to that part of the motions.

Although both defendants' motions are couched as motions to dismiss under Rule 12(b)(6), they do not attack the sufficiency of the complaint itself, but rather Jones's failure to exhaust contractual grievance and other intra-union remedies. A failure to exhaust is considered to be an affirmative defense. *Mosely v. Bd. of Educ.*, 434 F.3d 527, 533 (7th Cir. 2006). "Affirmative defenses normally need not be anticipated or negated in a complaint, and a motion to dismiss is normally only granted where a plaintiff pleads facts to show that her claim is barred by the affirmative defense." *Thompson v. Fairmont Chi. Hotel*, 525 F. Supp. 2d 984, 991-92 (N.D. Ill. 2007). The defendants do not argue that Jones has pled facts inconsistent with the exhaustion requirement, in effect pleading himself out of court. Instead, the defendants argue that Jones has "in fact" not exhausted his contractual remedies:

> Thus, aside from challenging the [complaint]'s pleading inadequacies on the exhaustion issue, the <u>primary</u> thrust of both Defendant's Motions to Dismiss was to demonstrate that <u>in fact</u>, Plaintiff has failed to exhaust, independent of whatever was or was not properly pled in the [complaint]. Defendants' submissions therefore went beyond mere Rule 8 pleading deficiencies.

(Local 551's Reply ¶3a, ECF No. 43 (emphasis in original)).

In federal practice, such a defense is properly asserted through a motion for summary judgment filed pursuant to Federal Rule Civil Procedure 56. The motions to dismiss include and refer not only to contractual documents referenced in the complaint but also to affidavits of union personnel relating to the procedural status of Jones's grievances and his failure to initiate or pursue alternative contractual and intra-union

2

grievance procedures. These affidavits are matters outside the pleadings and are excluded from consideration as part of a Rule 12(b)(6) motion.

For purposes of the motion to dismiss, the court takes all facts alleged in the plaintiff's complaint as true and draws all reasonable inferences from those facts in favor of the plaintiff, although conclusory allegations that merely recite the elements of a claim are not entitled to this presumption of truth. *Virnich v. Vorwald*, 664 F.3d 206, 212 (7th Cir. 2011). Because no facts alleged within Jones's complaint are incompatible with the exhaustion of contractual remedies required by § 301, the defendants' motions to dismiss the case in its entirety are denied. Defendants are free to reassert their defenses in a motion for summary judgment.

Defendants also seek to dismiss the request for damages for emotional distress as unavailable, pre-empted, and inadequately pled. As Jones does not object, the request in the First Amended Complaint for relief in the form of "[c]ompensatory damages for emotional distress" is dismissed.

ENTER:

DATED:  September 6, 2013          /s/
                                   JOAN B. GOTTSCHALL
                                   United States District Judge