# UNITED STATES DISTRICT COURT
## FOR THE NORTHERN DISTRICT OF ILLINOIS
### EASTERN DIVISION

| | | |
|---|---|---|
| JAMES JONES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | Case No. 12 CV 10151 |
| v. | ) | |
| | ) | Judge Joan B. Gottschall |
| UNITED AUTO WORKERS, LOCAL 551 | ) | |
| and FORD MOTOR COMPANY, | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM OPINION & ORDER

Plaintiff James Jones has brought suit against Ford Motor Company and the United Auto Workers Local 551 alleging that he has been denied proper assignment of overtime hours. Jones is a union representative, and he alleges that his hours have not been appropriately assigned according to agreements between Ford and Local 551. This suit is a "hybrid" claim under § 301 of the Labor Management Relations Act, 29 U.S.C. § 185, alleging both breach of contract against Ford and breach of the duty of fair representation against Local 551.

Now before the court are motions for summary judgment filed separately by defendants Ford and Local 551. The motions argue that Jones must exhaust other available remedies before filing this suit, and that Jones has not yet exhausted those remedies. The court agrees and grants Ford and Local 551's motions for summary judgment.

## I. BACKGROUND

The following facts are not in dispute unless otherwise indicated.

Plaintiff James Jones is an employee of Ford and a member of the UAW and a union representative. UAW Local 551 is a constituent local labor union of UAW representing

bargaining unit members employed by Ford at its Chicago assembly plant. Ford and UAW are parties to a collective-bargaining agreement setting forth the terms and conditions of employment for Ford's bargaining-unit employees represented by the UAW.

Jones sued Local 551 and Ford alleging that his overtime opportunities as a UAW Local 551 union representative have not been fairly allocated pursuant to a provision of the collective-bargaining agreement because of his political opposition to Local 551's bargaining chair, Grant Morton. He argues that Local 551 breached its duty of fair representation and that Ford breached the collective-bargaining agreement, which sets forth a procedure for determining allocation of overtime hours for union representatives.

The collective-bargaining agreement between Ford and the UAW establishes a grievance procedure designed to resolve disputes between Ford and an employee or the union. Section 1 of the grievance procedure states: "When an employee, or the Union collectively, has a grievance against the Company, it shall be processed in accordance with the Grievance Procedure hereinafter provided." (ECF No. 551-1, at 3.) The grievance procedure consists of four steps that culminate in final and binding arbitration before a mutually selected arbitrator. UAW's National Ford Department determines whether to submit a grievance to the arbitration step if the grievance was unresolved by the third step of the procedure.

In addition to the collective bargaining agreement, UAW and Ford entered into a separate Side Letter of Agreement which gives union representatives a private and independent right to bring to the attention of the UAW National Ford Department and the U.S. Union Affairs Office, Ford Automotive Operations, Employee Relations "for review and resolution" any dispute by a union representative concerning overtime allocation. The Side Letter states that "complaints that representative overtime opportunities are not being fairly distributed may be brought to the

2

attention of the UAW National Ford Department and the U.S. Union Affairs Office, Ford Automotive Operations, Employee Relations, for review and resolution as the national parties deem appropriate." (Jan. 11, 1995 Letter 3, ECF No. 55-6.)

Additionally, the UAW constitution guarantees members the right to challenge a wide range of actions of their local union, including challenging the handling or disposition of a grievance. The UAW guarantees its members multiple levels to challenge the actions of their local union: (1) members have the right to appeal to the local union's membership; (2) if the local union rejects the challenge, members have the right to appeal to the UAW International Executive Board; (3) if members are dissatisfied with the Board's decision, they have the right to appeal to the UAW's Convention Appeals Committee or the Public Review Board, which consists of law professors who are not members of the UAW. The UAW and Ford entered into a "Reinstitution of Grievances Letter of Understanding" under which the International Executive Board, Convention Appeals Committee, and Public Review Board each have the authority to order the reinstatement of a grievance.

Jones has filed three grievances protesting his overtime allocation in July, August, and October 2012. The grievance procedure has not been completed. Jones states that he has never received any response to his grievances. Defendants have submitted an affidavit from a UAW representative stating that Jones's grievances are "being processed in the lower Stages of the Grievance Procedure at the Plant level," and "there are hundreds of other and older grievances filed by UAW Local 551 also pending at the Ford Assembly Plant in Chicago." (ECF No. 55, at 2.)

Jones has not filed a complaint with the UAW National Ford Department or the U.S. Union Affairs Office, Ford Automotive Operations, Employee Relations. Additionally, Jones has not filed an intra-UAW appeal with the UAW.

## II. LEGAL STANDARD

Summary judgment is appropriate when the movant shows there is no genuine dispute as to any material fact and the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56; *Smith v. Hope Sch.*, 560 F.3d 694, 699 (7th Cir. 2009). The court ruling on the motion construes all facts and makes all reasonable inferences in the light most favorable to the nonmoving party. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986). Summary judgment is appropriate for when the nonmoving party cannot establish an essential element of its case on which it will bear the burden of proof at trial. *Kidwell v. Eisenhauer*, 679 F.3d 957, 964 (7th Cir. 2012).

"As a general rule in cases to which federal law applies, federal labor policy requires that individual employees wishing to assert contract grievances must attempt the use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Republic Steel Corp. v. Maddox*, 379 U.S. 650, 652 (1965) (footnote omitted). This rule is intended to "protect the integrity of the collective-bargaining process" and "encourage[] private rather than judicial resolution of disputes arising over the interpretation and application of collective-bargaining agreements." *Clayton v. UAW*, 451 U.S. 679, 687 (1981).

The general rule requiring employees to exhaust grievance procedures is subject to a number of exceptions. *See Glover v. St. Louis-S.F. Ry. Co.*, 393 U.S. 324, 329-30 (1969). For example, an employee is excused from exhausting the remedies if: "(1) resorting to the grievance procedure would be futile; (2) the employer through its conduct repudiated the grievance

procedure itself; or (3) the union breached its duty of fair representation." *McLeod v. Arrow Marine Transp., Inc.*, 258 F.3d 608, 616 (7th Cir. 2001).

### III. ANALYSIS

Ford and Local 551 argue that they are entitled to summary judgment on Jones's complaint because Jones failed to exhaust mandatory grievance procedures before pursuing judicial remedies. Jones agrees with the rule that "[g]enerally, an employee must exhaust the [collective-bargaining agreement]'s grievance procedures before pursuing judicial remedies . . . ." (Resp. 2, ECF No. 74 (internal quotation marks omitted).)

Nevertheless, Jones opposes summary judgment for four reasons: (1) UAW breached its duty of fair representation; (2) even if Jones must exhaust the grievance procedure in the collective-bargaining agreement, Jones satisfied the requirement because his grievances were never processed; (3) Jones need not initiate the complaint procedure with UAW National Field detailed in the Side Letter between UAW and Ford; and (4) Jones need not exhaust the intra-UAW grievance procedure. The court finds merit in none of these arguments.

### A.    Duty of Fair Representation

"[A]n employee may be excused from [exhausting the collective-bargaining agreement's grievance procedures before pursuing judicial remedies if] the union breached its duty of fair representation." *McLeod*, 258 F.3d at 616. For example, if the union "wrongfully refus[es] to process the grievance," the union breaches its duty of fair representation, and the court may excuse the normal grievance-exhaustion requirement. *Roman v. U.S. Postal Serv.*, 821 F.2d 382, 388 (7th Cir. 1987). "A breach of the statutory duty of fair representation occurs only when a union's conduct toward a member of the collective bargaining unit is arbitrary, discriminatory, or is in bad faith." *Vaca v. Sipes*, 386 U.S. 171, 190 (1967).

Jones asserts: "[t]he Union has wrongfully refused to process Jones'[s] grievances at all. He has received no response to his written grievances ever, since they were filed in July 2012." (Resp. 4, ECF No. 74.)  In support of this assertion, Jones filed an affidavit stating that he has received no response to his grievances.  This is insufficient for Jones to survive summary judgment.  Jones does not assert that UAW's failure to process his grievances was arbitrary, discriminatory, or in bad faith, as required by *Vaca*.  Instead, Jones rests on a conclusory allegation that UAW has "wrongfully" refused to process the grievances.  Even if the court were to ignore the materials submitted by defendants suggesting that Jones's grievances are being processed, Jones still fails to demonstrate the existence of a question of material fact on the duty of fair representation.

## B. Unprocessed Grievances

Next, Jones argues that he has satisfied the exhaustion requirement of the collective-bargaining agreement.  The entirety of his argument on this point states:

> The CBA specifies that "[a]ny grievance that . . . is not processed shall be considered settled . . . [.]"  (Pl. SOF 35).  Jones'[s] grievances were never processed, as detailed directly above.  Therefore, under the CBA grievance procedure itself, Jones'[s] grievances are "settled" and he has indeed exhausted.

(Resp. 4, ECF No. 74.)  But the allegation that Jones's grievances were never processed is purely conclusory, and Jones fails to support the assertion with any evidence.  Meanwhile, as previously noted, defendants submitted an affidavit from a UAW representative stating that Jones's grievances are "being processed in the lower Stages of the Grievance Procedure at the Plant level," and "there are hundreds of other and older grievances filed by UAW Local 551 also pending at the Ford Assembly Plant in Chicago."  (ECF No. 55, at 2.)

The court concludes that there is no question of material fact on whether Jones's grievances under the collective-bargaining agreement's grievance procedure are being processed. Jones cannot overcome the defendants' motion for summary judgment on the basis of unprocessed grievances.

Jones offers no other reason why he should be excused from exhausting the collective-bargaining agreement's grievance procedure. The parties agree that Jones has not exhausted the procedure, and that he must exhaust the procedure before initiating judicial proceedings unless an exception applies. No fact question as to the exceptions exist that would preclude summary judgment. The defendants are entitled to judgment as a matter of law.

C.      **Complaint to UAW National Ford**

Jones argues that even if exhaustion under the collective-bargaining agreement is required, a complaint to UAW National Ford Department is not required. He notes that the Side Letter of Agreement that establishes the right of union representatives to file complaints with UAW National states "that an employee *may* file a complaint," not that the employee must file a complaint. (*See* Resp. 5, ECF No. 74.)

It is unclear whether Jones must exhaust the Side Letter's complaint procedure before pursuing the matter in the courts. The general rule is that "federal labor policy requires that individual employees wishing to assert contract grievances must attempt use of the contract grievance procedure agreed upon by employer and union as the mode of redress." *Maddox*, 379 U.S. at 652. But the Side Letter is not the grievance procedure agreed to in the collective-bargaining agreement. Local 551 attempts to wriggle its way out, arguing: "True, the . . . Side Letter at issue here exists independent[ly] of the grievance procedure and does not provide for

7

arbitration. However, this is a distinction without a difference." (Local 551 Reply 8, ECF No. 77.) Why is it a distinction without a difference? Local 551 does not say.

Perhaps Jones is correct that he need not satisfy the Side Letter's complaint procedure before proceeding to the courts. But even if Jones were correct on this point, it would not be an independent basis to deny summary judgment. As Jones acknowledges, the Side Letter of Agreement operates separately from the collective-bargaining agreement. Irrespective of any requirement the Side Letter might impose, Jones must exhaust the grievance procedure detailed in the collective-bargaining agreement (or demonstrate that a fact question on a grievance-exhaustion exception applies), or the defendants will be entitled to judgment as a matter of law.

Thus, the court need not decide at this juncture whether Jones must exhaust the Side Letter's complaint procedure. Jones has failed to exhaust the collective-bargaining agreement's grievance process or demonstrate that an exception might apply. Those failures provide a sufficient basis for the court to award summary judgment to the defendants.

**D.     Intra-Union Procedures**

The defendants argue that Jones must exhaust intra-union procedures before seeking relief from the courts. The parties agree that Jones has not filed an intra-union appeal with the UAW. But Jones argues that he need not exhaust intra-union procedures because (1) he cannot get full relief from those procedures; (2) intra-union exhaustion would unreasonably delay Jones's opportunity to obtain a judicial hearing on the merits of his claim; and (3) the intra-union remedy is an appeals process, but Jones has nothing to appeal.

As was the case for the Side Letter, the court need not reach the merits of Jones's argument. UAW's intra-union procedure operates independently from the collective-bargaining agreement's grievance procedure. As previously discussed, Jones failed to exhaust that

procedure.  Exhaustion of that procedure is a requirement before Jones proceeds in the courts, and Jones cannot establish a prima facie case that an exception to the exhaustion requirement exists.  Even if Jones is correct that he need not exhaust intra-union procedures, that does not excuse his failure to exhaust the collective-bargaining agreement's grievance procedure.

## IV. CONCLUSION

For the foregoing reasons, the court grants defendants Local 551 and Ford's motions for summary judgment.  The case is dismissed without prejudice to Jones filing another action if he exhausts grievance procedures.  The clerk is directed to enter judgment in favor of Local 551 and Ford and against Jones, and the case is terminated.

ENTER:

_____/s/_____
JOAN B. GOTTSCHALL
United States District Judge

DATED:   September 10, 2014